UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOWELL MANUFACTURING CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1152SNLJ |
| ) | |
| ATLAS SOUND, L.P., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's motion to voluntarily dismiss its infringement claim and to dismiss defendant's declaratory judgment counterclaims [24], filed April 20, 2011. Responsive pleadings have now all been filed and this matter is ripe for disposition.

On or about June 28, 2010 plaintiff filed the instant action alleging defendant's infringement of plaintiff's '647 patent, entitled "Lay-In Tile Speaker System". On July 29, 2010 defendant filed its Answer and Counterclaims denying Lowell's infringement allegations and asserting counterclaims for a declaration of non-infringement of the '647 patent and a declaration of the invalidity of the '647 patent.

On or about September 23, 2010 the parties participated in a Rule 16 conference and the Court entered an amended case management order (CMO) on September 29, 2010 which, among other things, set this case for trial on the Court's February 20, 2012 docket. As of the date of the instant motion, the parties have engaged in limited written discovery, exchanged Rule 26 initial disclosures, served preliminary infringement and invalidity contentions, and identified proposed terms and claim elements for construction. No depositions have been taken in this case, other than discovery subpoenas and a subpoena for deposition being served upon a non-party by

plaintiff for investigative purposes.  No claim construction briefs or dispositive motions have been filed in this case.  No *Markman* has yet been held.

Plaintiff asserts that it has moved for dismissal under Rule 41(a)(2) Fed.R.Civ.P. following investigation of the merits of defendant Atlas' invalidity contentions regarding an allegedly prior art product manufactured and sold by Penton Audio USA.  Upon receiving documents and information in response to discovery subpoenas served upon Penton Audio USA, and information via a Rule 30(b)(6) deposition, plaintiff has determined that the Penton product may constitute potentially invalidating prior art, has re-evaluated its case "for pragmatic reasons", and decided it was no longer in its best interests to continue to prosecute it.

Plaintiff seeks to dismiss this case in its entirety without prejudice and has tendered to defendant a covenant not to sue, unconditionally releasing Atlas from any claim of infringement of the '647 patent based upon any past, present or future manufacture, importation, use, sale, and/or offers for sale of any product previously or currently manufactured, imported, used, sold, and/or offered for sale by Atlas.  Plaintiff contends that its dismissal of its claims and provision of a covenant not to sue divests this Court of jurisdiction over Atlas' declaratory judgment counterclaims pertaining to the validity and infringement of the patent in suit.

Defendant does not object to the dismissal in general.  Instead, it argues that the dismissal should be with prejudice and defendant should be allowed to pursue attorneys' fees upon the dismissal.  It argues that the dismissal should be with prejudice and attorneys' fees awarded to Atlas because of the existence of allegedly invalidating prior art and that plaintiff brought this infringement lawsuit knowing of the invalidating prior art.

A motion to dismiss under Rule 41(a)(2) Fed.R.Civ.P. rests upon the sound discretion of

the Court. Herring v. City of Whitehall, 804 F.2d. 464, 466 (8th Cir. 1986); Furminator v. Ontel Products Corp., 246 F.R.D. 579, 593 (E.D.Mo. 2007). In exercising that discretion, "a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendant[s]. Likewise a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d. 941, 950 (8th Cir. 1999)(internal citations omitted). A court may also consider whether the motion seeking voluntary dismissal is presented late in the proceedings; e.g. while summary judgment is pending. Furminator v. Ontel Products, Inc., at 593 (citations omitted). Finally, a court may attach "such terms and conditions" to the granting of the motion for voluntary dismissal as it "deems proper". Furminator v. Ontel Products, Inc., at 595 *citing* Rule 41(a)(2).

The Court has carefully reviewed the record in this case, including the parties' briefs, and will grant the plaintiff's motion with conditions.

The Court finds that the plaintiff's reasons for moving to dismiss its claims after investigating defendant's assertion of allegedly invalidating prior art as proper reasons for dismissal. Its motion to dismiss the infringement claims following an investigation of the alleged invalidating prior art defense raised by defendant in its contentions is timely, reasonable, and taken in good faith. Furthermore, dismissal at this early stage of discovery and prior to a *Markman* hearing being held will not result in a waste of judicial time and effort. Furthermore, a dismissal in connection with a covenant not to sue will not prejudice the defendant since it will be protected from any further litigation concerning the '647 patent. Finally, there is no evidence before this

3

Court which demonstrates that this dismissal was sought to avoid an adverse judicial ruling or in order to seek a more "favorable" forum.

The Court will grant the plaintiff's motion to dismiss without prejudice. However, as a condition of dismissal, the Court will require plaintiff Lowell to reimburse defendant Atlas for all of its reasonable attorneys' fees and costs incurred in this lawsuit if plaintiff Lowell files suit in the future against defendant Atlas in violation of the covenant not to sue. *See*, Furminator v. Ontel Products, Inc., *supra.*, Essex P.B & R. Corp. v, Xcaper Industries, LLC., 2009 WL 2757045 (E.D.Mo. Aug. 26, 2009); Essex P.B. & R. Corp. v. Xcaper Industries, LLC, 2009 WL 2408430 (E.D.Mo. August 4, 2009); Furminator v, Kim Laube & Co., 2008 WL 80691 (E.D.Mo. Jan. 7, 2008).

Finally, the dismissal of the plaintiff's claims and its provision to defendant Atlas of a covenant not to sue, eliminates this Court's subject matter jurisdiction over the declaratory judgment claims. *See*, Furminator v. Ontel Products, Inc., *supra.*; Furminator v. Kim Laube & Co., *supra.* Thus, those claims are also subject to dismissal without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** plaintiff Lowell Manufacturing Co.'s motion to voluntarily dismiss its infringement claim and to dismiss defendant Atlas Sound's declaratory judgment counterclaims [24] be and is **GRANTED.** The instant entire cause of action, including defendant's counterclaims, are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the parties shall take the necessary steps to execute the covenant not to sue as evidenced by Exhibit A, attached to plaintiff's motion [53].

**IT IF FINALLY ORDERED** that if plaintiff Lowell Manufacturing Co. files a new action against defendant Atlas Sound, L.P. claiming infringement of U.S. Patent No. 7,643,647

4

(the '647 patent), plaintiff Lowell Manufacturing Co. shall pay defendant Atlas Sound L.P.'s reasonable fees and costs incurred in defending the instant action **[Cause No. 4:10cv1152SNLJ]** as determined by the Court.

Dated this ___11th___ day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE